**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Broadcast Music Incorporated, et al., | No. CV-19-01358-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| BLK, III LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Extension of Deadline to Complete Service, and for Leave to Utilize Alternative Means of Service, Regarding Defendants George Fischer[1] and Kevin Johnson ("the Motion"). (Doc. 17.)

On February 27, 2019, Plaintiffs filed the above-captioned lawsuit. (Doc. 1.) Plaintiffs allege that Defendant BLK, III LLC "operates, maintains, and controls an establishment known as BLK Live, located at 7301 East Butherus Drive, Scottsdale, Arizona 85260." (*Id.* ¶ 18.) Plaintiffs further allege that Defendant Kevin Johnson ("Johnson") is a "manager of BLK, III LLC, with responsibility for the operation and management of" both the LLC and the establishment, BLK Live. (*Id.* ¶ 25.) Plaintiffs allege that Defendants have violated federal copyright laws through their operation of BLK Live, a Scottsdale restaurant, bar, and music venue, which allegedly provides unauthorized public performances of copyrighted musical compositions. (*Id.* ¶¶ 3, 18-35.)

---

[1] After the motion was filed, Plaintiffs filed a notice that service has been executed as to George Fischer. (Doc. 18.) Thus, the motion will be denied as moot in part as it pertains to seeking leave to serve George Fischer by alternative means.

On March 12, 2019, the Court ordered that the clerk of court terminate any Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure by May 29, 2019. (Doc. 8 at 5.) On May 6, 2019, the summons for Johnson issued. (Docs. 13, 13-2.)

On May 28, 2019, Plaintiffs timely filed the Motion. (Doc. 17.) Plaintiffs request an extension of the deadline to serve George Fischer[2] and Johnson. Rule 4(m) of the Federal Rules of Civil Procedure provides that the Court may extend the service deadline if Plaintiff shows good cause. *See also* Fed. R. Civ. P. 6(b)(1)(A) (court may extend time for good cause if a request is made before the deadline expires). Indeed, district courts have "broad" (but not "limitless") discretion to extend the service deadline "even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

The Court finds that Plaintiffs have shown good cause and will extend the service deadline to Wednesday, July 24, 2019. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984) ("[T]he provisions of Rule 4 should be given a liberal and flexible construction."). Plaintiffs' service of Fischer is therefore deemed timely.

Plaintiffs further request leave to serve Johnson by mailing (by regular U.S. mail and by certified mail) the Summons, Complaint, and this Order to (1) 4639 E. Timberline Road, Gilbert, AZ 85297 ("the Timberline address"), (2) "the address listed as the statutory agent for BLK III, LLC which is Business Filings Incorporated 3800 N. Central Avenue Suite 460 Phoenix, AZ 85012," and (3) the address identified in the complaint for BLK Live: 7301 E. Butherus Drive, Scottsdale, Arizona 85260. (Doc. 17 at 3.)

The Timberline address is the residential address BLK, III LLC listed with the Arizona Corporation Commission for Johnson. According to process server Keith Blanchard's sworn affidavit, Blanchard attempted to serve Johnson at the Timberline address on May 8, 2019, but he was apparently unable to do so because "[t]he current owners and occupants of the Timberline address are the Delgados"—presumably a family unrelated to Johnson. (Doc. 17-2 at 2.) Blanchard further stated that "[a] search was

---

[2] Service on Fischer was executed on June 3, 2019, a few days after the May 29, 2019 service deadline. (Doc. 18.)

conducted to locate any additional addresses or information on Kevin Johnson, including the Arizona Department of Transportation (vehicle registration, driver's license and 10-year driving history)[,] social security number search, address history search, utility search, public record search and social media search" and that he was "unable to confirm any information to identify the correct Kevin Johnson." (*Id.*) Plaintiffs aver that they "attempted to locate alternative or updated addresses, through internet searches and the Maricopa County Assessor's Office records" but were unable to locate any alternative address for Johnson. (Doc. 17 at 2.)

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

**(2)** doing any of the following:

**(A)** delivering a copy of the summons and of the complaint to the individual personally;

**(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

**(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4

Rule 4.1 of the Arizona Rules of Civil Procedure details the available state law procedures for serving process within Arizona. Pursuant to Rule 4.1(d) of the Arizona Rules, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules. Additionally Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j)[3] are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in which case "the serving party must make a reasonable effort to provide the

---

[3] Here, of the various means provided in Arizona Rule 4.1(c) through Rule 4.1(j), the only means applicable to Johnson are provided in Rule 4.1(d).

- 3 -

person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served."

Under Arizona law, the standard for impracticability under Rule 4.1(k) "requires something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 903 (Ariz. Ct. App. 2010). Moreover, "the showing for alternative service requires something less than a complete inability to serve the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process." *Id.* at 904. In the context of Rule 4.1(k), "impracticable" means that the traditional means of service have proven to be "extremely difficult or inconvenient." *Id*. at 903.

Here, Plaintiffs have been unable to effectuate service on Johnson by delivering a copy of the summons and complaint to someone of suitable age and discretion residing in Johnson's usual place of abode because they cannot determine where he lives, as the address that BLK, III LLC listed with the Arizona Corporation Commission for Johnson (the Timberline address) does not appear to be a valid residential address for him. For the same reason, Plaintiffs have been unable to serve Johnson personally in his home.

However, no attempt has been made to serve Johnson at BLK Live, and Plaintiffs have not explained why their attempt to serve Johnson was limited to his listed home residence without any attempt to serve him at work. Generally, when courts grant leave to serve an individual by alternative means pursuant to 4.1(k), service has proved difficult at both home *and* work. *See, e.g., Blair*, 245 P.3d at 903-04 (attempted service at place of business seven days and place of residence on five different days at different times satisfied standard); *Barber v. Lilly*, 2013 WL 5498245, *3 (D. Ariz. 2013) ("Plaintiff made a dozen or so unsuccessful attempts to personally serve the Defendants at the Lillys' place of business and their current residence. Plaintiff has demonstrated that her continued efforts to serve Defendants by traditional means are impracticable within the meaning of Rule

4.1(k)."); *BMO Harris Bank, N.A. v. Guthmiller*, 2014 WL 2600362, *3 (D. Ariz. 2014) ("Here, after attempting multiple attempts to serve Guthmiller at both his home and business as well as attempts to obtain authorization to serve Guthmiller's current bankruptcy counsel, Guthmiller placed the process server in danger of bodily harm."); *Composite Industrie S.A. v. Vision Air Am., Inc.*, 2014 WL 1230492, *2 (D. Ariz. 2014) (traditional service impracticable where process server attempted service at defendant's home three times and at his business twice, and evidence of evasion was present). On the other hand, courts have denied leave to serve an individual by alternative means pursuant to 4.1(k) when service has not been attempted at both work and home. *Solis v. Arizona Movers & Storage Inc.*, 2018 WL 5255185, *3 (D. Ariz. 2018) (denying leave to serve an individual by alternative means pursuant to 4.1(k) where plaintiff attempted service at a place of business five times but did not state what efforts were made to locate a home address); *see also Eldridge v. Schroeder*, 2016 WL 354868, *3–4 (D. Ariz. 2016), *report and recommendation adopted,* 2016 WL 1408128 (D. Ariz. 2016) (personal service not impracticable even though Plaintiff did not know defendant's home or work address, where defendant had changed jobs and moved but there was no evidence of evasion).

Thus, the Court finds that the traditional means of service have not yet proved impracticable. To the extent that the Motion seeks leave to serve Johnson by alternative means, it is denied without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Extension of Deadline to Complete Service, and for Leave to Utilize Alternative Means of Service, Regarding Defendants George Fischer and Kevin Johnson (Doc. 17) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the deadline for serving Johnson is extended to Wednesday, July 24, 2019. Plaintiffs' June 3, 2019 service of George Fischer is deemed timely.

**IT IS FURTHER ORDERED** that Plaintiffs' request to serve Johnson by alternative means is denied without prejudice.

Dated this 25th day of June, 2019.

_____
Dominic W. Lanza
United States District Judge