**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Broadcast Music Incorporated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BLK, III LLC, et al., <br><br> Defendants. | No. CV-19-01358-PHX-DWL <br><br> **ORDER TO SHOW CAUSE WHY DEFENDANT KEVIN JOHNSON SHOULD NOT BE DISMISSED FOR FAILURE TO TIMELY SERVE** |

Pending before the Court is a motion for default judgment (Doc. 26), which the Court will resolve in due course. This Order addresses a different matter—whether Kevin Johnson should be dismissed due to Plaintiffs' failure to timely serve him. The Court will order Plaintiffs to show cause why Johnson should not be dismissed without prejudice.

**BACKGROUND**

Plaintiffs filed the complaint in this action on February 27, 2019. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the service deadline was 90 days later, or May 28, 2019.

On March 12, 2019, the Court issued its standard preliminary order, which stated that "[i]f service cannot occur within 90 days, a request for an extension may be filed *before* expiration of the 90-day period" and "must set for the reason why service has not been accomplished and request a specific short additional period of time," which would be authorized if the Court finds "good cause." (Doc. 8 at 1.) The Court added that the order "serves as an express warning that the Court will dismiss this action, without further notice

to Plaintiff(s), with respect to any Defendant that is not timely served." (*Id.* at 2.)

Plaintiffs served Defendants BLK, III LLC and Jeffrey Benice before the May 28, 2019 deadline elapsed. (Docs. 7, 9, 16.)

On May 28, 2019, Plaintiffs filed a motion for extension of the service deadline and for leave to use an alternative method of service. (Doc. 17.) On June 3, 2019, Plaintiffs filed a notice that service had been executed as to Defendant George Fischer. (Doc. 18.)

The Court granted the request for extension of time, deeming service on Fischer timely and extending the deadline to serve Johnson to July 24, 2019. (Doc. 19 at 5.) The Court denied without prejudice the request for leave to serve by alternative means, as it found that "the traditional means of service [had] not yet proved impracticable." (*Id.* at 5-6.)

Plaintiffs did not serve Johnson by July 24, 2019, nor did they file another motion requesting an extension of that deadline.

Plaintiffs secured entry of default as to Defendants BLK, III LLC, Jeffrey Benice, and George Fischer. (Docs. 15, 22.)

On September 12, 2019, Plaintiffs filed a notice that service on Johnson was executed. (Doc. 23.) That service was untimely.

On October 2, 2019, Plaintiffs filed an application for entry of default against Johnson. (Doc. 24.) The following day, the Clerk entered default as to Johnson. (Doc. 25.)

On December 16, 2019, Plaintiffs filed a motion seeking default judgment against all Defendants in this action. (Doc. 26.)

## ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

(*Id.*) Although Plaintiffs did not serve Johnson within 90 days after the complaint was

filed, that deadline was extended to July 24, 2019 when the Court granted Plaintiffs' timely-filed motion to extend the service deadline. (Doc. 19 at 5.) However, Plaintiffs also failed to serve Johnson within that extended deadline and failed to file a second motion to extend the deadline. The Court had already given notice to Plaintiffs that failure to timely serve would result in dismissal. (Doc. 8 at 2.)

The language of Rule 4(m) suggests that the Court "must" dismiss the complaint in the absence of a showing of good cause, but as the Court noted in its June 25, 2019 order granting an extension of the original service deadline, district courts have "broad" (but not "limitless") discretion to extend the service deadline "even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Nevertheless, in this circumstance, where the Court had already granted an extension of time to serve and where Plaintiffs failed to serve by the extended deadline and did not even file a motion arguing that good cause existed for a second extension of the service deadline, the Court will not again extend the service deadline and deem the September 12, 2019 service of Johnson timely unless Plaintiffs can demonstrate good cause for the delay.

Additionally, the affidavit from Plaintiffs' process server states that Johnson was not personally served—instead, the process server gave the summons and complaint to an assistant manager at Johnson's alleged place of business in Huntington Beach, California. (Doc. 23 at 3.) The affidavit asserts this assistant manager was "authorized to accept service" for Johnson and also includes the notation "substitute service effected on authorized restaurant personnel." (*Id.*) The Court's potential concern with these averments is that Plaintiffs' May 2019 motion for permission to pursue alternative service methods listed an *Arizona* address for Johnson (albeit while acknowledging that it was unclear whether he still lived there). (Doc. 17 at 2-3.) There are presumably many different Kevin Johnsons in the world and Plaintiffs have not explained how or why their process server was able to determine that the Kevin Johnson who is a defendant in this case is the same Kevin Johnson who works at the restaurant in Huntington Beach, California where the service effort occurred.

Accordingly,

**IT IS ORDERED** that Plaintiffs shall show cause as to why Kevin Johnson should not be dismissed without prejudice by filing a response to the Court's order to show cause, not to exceed 5 pages, by **February 28, 2020**.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to respond to this order to show cause by **February 28, 2020**, the Clerk of Court shall dismiss Kevin Johnson from this action without prejudice.

Dated this 18th day of February, 2020.

Dominic W. Lanza
United States District Judge